# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

VERNON WEST,

        Petitioner.

VS.

STATE OF GEORGIA,       **CASE** NO. 1:13-CV-59 (WLS)

        Respondent.

**O R D E R**

    Petitioner **VERNON WEST** is presently confined at the Dougherty County Jail, where he awaits trial on charges of felony cruelty to an elder person. He has filed a document entitled "Reduction of Bond by Habeas Corpus in Federal Court, Review of Denial Bond" (Doc. 1), which the Clerk's Office has docketed as a petition for habeas corpus under 28 U.S.C. § 2254. Because it appears that Petitioner is not yet "in custody pursuant to the judgment of a State court," his claims arise under section 2241, not section 2254. 28 U.S.C. § 2241(c); ***Medberry v. Crosby***, 351 F.3d 1049, 1060 (11th Cir. 2003).

    Petitioner was arrested on November 9, 2012. He complains that the state court set his bond at $100,000 and asks this Court to reduce it to $10,000.

    It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. ***See Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements ... is that petitioners must first exhaust their state court remedies"). A petitioner has not exhausted the

available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition.  28 U.S.C. § 2254(c).  Exhaustion is necessary under section 2241 as well as section 2254.  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973).

The Eleventh Circuit Court of Appeals held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a state habeas corpus action, O.C.G.A. § 9-14-1(a)].

*Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Until Petitioner challenges his allegedly excessive bond in state court in compliance with the above mandate, his federal habeas action is premature.  In addition to filing an interlocutory appeal of the bond ruling under O.C.G.A. § 5-6-34(a) (*see also Howard v. State*, 197 Ga.App. 693, 399 S.E.2d 283 (1990)), two other state remedies are available to Petitioner: a state habeas corpus petition under O.C.G.A. § 9-14-1(a) and a mandamus petition under O.C.G.A. § 9-6-20.  *See Fields v. Tankersley*, 487 F. Supp. 1389 (S.D. Ga. 1980) (explaining that the remedy of state habeas corpus is a proper means with which to address a trial judge's exercise of discretion in setting or denying bail).  Petitioner conclusorily alleges that he has satisfied the exhaustion requirement but contends that filing a state habeas action is a "wa[ste] of time."  It therefore does not appear that Petitioner has fully exhausted his state court remedies.  Before filing an action in this Court, Petitioner must fully pursue in the Georgia courts one of the state remedies noted

above.

Based on the foregoing, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." A COA may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a COA.

Because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**SO ORDERED**, this 1st day of May, 2013.

/s/ W. Louis Sands  
W. LOUIS SANDS  
UNITED STATES DISTRICT JUDGE

---

[1] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.